UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARIO HARRIS,

Plaintiff,

v.

ADAM R. TELLE,[1]

Defendant.

Case No. 25-cv-04456-JD

**ORDER RE DISMISSAL**

After the transfer of the case from the District of D.C. to this Court, Dkt. No. 17, and after the government filed a motion to dismiss, Dkt. No. 35, plaintiff Harris filed an amended complaint (AC), Dkt. No. 37. The AC names Secretary of the Army Adam R. Telle as defendant and alleges that Harris experienced racial discrimination as a civilian chief of staff in the U.S. Army. Dkt. No. 37 ¶ 2. The AC made no "non-typographical changes" to the original complaint and only "replaced precedents" in response to the change of venue. *Id.* at 1. The parties treat the motion to dismiss as applicable to the AC. Consequently, the motion to dismiss was not mooted by Harris's AC. The parties' familiarity with the facts and the record is assumed, and the AC is dismissed.

The reasons for dismissal are straightforward. The AC alleges two counts: Count I for racial discrimination under Title VII, based primarily on a "hostile work environment"; and Count II for retaliation under Title VII based on the Army's termination of Harris's employment in July 2023 while his Title VII claim in a previous lawsuit was pending. *See generally* Dkt. No. 37.

The Secretary's position that claim preclusion bars these claims is well taken. Harris sued the Secretary of the Army and a co-employee, Paul Luntumbuez, in 2022 for discrimination and

[1] As Secretary of the Army, Secretary Telle is "automatically substituted" for his predecessor in that position as defendant pursuant to Federal Rule of Civil Procedure 25(d).

United States District Court
Northern District of California

retaliation under Title VII.[2] Dkt. No. 35 at 2-3. The claims were amended and partially dismissed, and in September 2023, Harris filed a third amended complaint alleging discrimination and retaliation under Title VII based on Luntumbuez's actions against him. *Id.* The Eastern District of Virginia dismissed the third amended complaint with prejudice, and the Fourth Circuit affirmed. *Id.* at 3-4; *see also Harris v. Wormuth*, No. 1:23-cv-742 (LMB/JFA), 2023 WL 6149071, at *7 (E.D. Va. Sept. 20, 2023), *aff'd*, No. 23-2074, 2024 WL 2362171 (4th Cir. May 23, 2024).

These proceedings bar the same claims recycled here in the AC. A claim is precluded when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citation omitted). Harris does not contest that the second or third elements of preclusion have been established, *see* Dkt. No. 40-1 at 15-16, and for good reason. A dismissal with prejudice for failure to state a claim is a final judgment on the merits, *Stewart v. U.S. Bancorp,* 297 F.3d 953, 957 (9th Cir. 2002), and the parties here are "identical" to those in the Eastern District of Virginia suit and are "therefore quite obviously in privity," *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081.

The identity of claims element is also satisfied. Determining whether claims are identical entails four inquiries: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal quotation marks and citation omitted). The fourth factor is "the most important," *id.*, and it asks essentially "whether

---

[2] The Court takes judicial notice of the proceedings relevant to plaintiff Harris's current claims pursuant to Secretary Telle's request, Dkt. No. 35-2. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo,* 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks and citation omitted)); *Friends of Gualala River v. Gualala Redwood Timber, LLC*, No. 20-cv-06453-JD, 2021 WL 4053413, at *1 (N.D. Cal. Aug. 3, 2021) (same).

United States District Court
Northern District of California

the claim could have been brought in the previous action," *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011).

The third and fourth factors weigh heavily in favor of finding an identity of claims. The AC presents the same causes of action -- discrimination in violation of Title VII and retaliation in violation of Title VII -- that were alleged in the Eastern District of Virginia. *See* Dkt. No. 37 ¶¶ 52-73; Dkt. No. 35-1, Ex. G, ¶¶ 26-38. The same legal rights are in issue here, and Harris has not demonstrated otherwise. So too for the material facts said to underpin the claims. Both lawsuits arose from the same transactional nucleus alleged in the prior litigation. For example, Harris says here, as he did in the prior case, that the Secretary discriminated by "allowing Luntumbuez's program of racially biased targeting" and by "isolate[ing]" and "investigat[ing]" Harris for raising concerns about Luntumbuez. *Compare* Dkt. No. 37 ¶¶ 56-57, *with* Dkt. No. 35-1, Ex. G, ¶¶ 33-35, 38. Harris's termination, Dkt. No. 37 ¶¶ 62, 70, is likewise expressly raised on the first page of the complaint in the prior litigation, Dkt. No. 35-1, Ex. G, at 1. The only facts alleged in the AC that post-date the filing of the operative complaint in the prior litigation relate to his hearing before the Merit Systems Protection Board (MSPB), which Harris lost. *See* Dkt. No. 37 ¶¶ 21-44. Harris did not suggest that the MSPB proceeding gave rise to new and independent claims under Title VII, only that it provided "further support[ ]" for the same retaliation and discrimination claims. Dkt. No. 40-1 at 18-19.

Overall, the AC recycles the allegations of harassment and retaliation that Harris had a full and fair opportunity to litigate in the Eastern District of Virginia. The claims were dismissed there, the dismissal was affirmed, and Harris cannot try to use this Court for a lateral appeal of these determinations. The claims in the AC are precluded.

Harris presents a smattering of objections that do not point to a different conclusion. He devoted much attention to questions of administrative exhaustion, but the government never mentioned that as a reason for dismissal. *See* Dkt. No. 40-1 at 13-15. He alluded to a possible transfer of the case to the Eastern District of Virginia, *see id.* at 17-18, but neither party has actually asked for that. He says in a wholly conclusory fashion that the AC entails "entirely different factual circumstances and adverse actions," *id.* at 16, but the undisputed record

indicates otherwise. It may be that he was terminated from his job "in the middle" of his prior lawsuit, *id.* at 15, but that happened before he filed the operative complaint at the time of dismissal in federal court in Virginia, and the termination is expressly mentioned in that amended pleading. *See* Dkt. No. 35-1, Ex. G, at 1. The Ninth Circuit's admonition that "claim preclusion does not apply to claims that accrue after the filing of the operative complaint" does not bar claim preclusion in these circumstances. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017) (establishing a "bright-line rule which asks only whether a claim could have been brought at the time the operative complaint in the prior suit was filed"). Harris did not suggest any other allegations of unlawful discrimination or retaliation that could not "have been sued upon" via his third amended complaint in the Eastern District of Virginia. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019).

Consequently, dismissal of the AC is warranted for claim preclusion. The remaining question is whether Harris should be afforded leave to amend. Although a good argument could be made that dismissal with prejudice is appropriate on this record, the Court cannot definitively say that further amendment would be futile. Harris may file a second amended complaint by December 4, 2026, that conforms to this order. If Harris elects to amend, the second amended complaint must expressly allege facts showing that the claims are not precluded by the prior litigation. A failure to meet the filing deadline, or to conform to this order, will result in dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 18, 2026



JAMES DONATO
United States District Judge